NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VITOLD GROMEK,<br><br>               Plaintiff,<br><br>v.<br><br>JUDGE PHILLIP MAENZA, et al.,<br>               Defendants. | Civil Action No.: 14-4455 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendants' motion to dismiss Plaintiff Vitold Gromek's ("Plaintiff") Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 7). No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. The Court has considered the submissions and arguments made in support of and in opposition to the instant motion. For the reasons set forth below, Defendants' motions is granted.

I.    BACKGROUND

Plaintiff filed the instant Complaint in this matter on July 15, 2014. (ECF No. 1). Plaintiff named the Honorable Thomas L. Weisenbeck, A.J.S.C., the Honorable Philip J. Maenza, J.S.C., the Honorable Ann R. Bartlett, J.S.C., the Honorable Marilyn R. Herr, J.S.C. (ret.), CSS2 Joseph Adiele, SPO Inett Hewell, Essex Vicinage Chief Probation Officer Shazeeda Samsudeen, the Director of the New Jersey Division of Family Development Jeanette Page Hawkins (collectively the "State Defendants"), and Sharon Miller Gromek as Defendants.[1] On September 8, 1999, a Final Judgment of Divorce was issued in the Superior Court, Hunterdon County instructing

---

[1] Defendant Sharon Gromek Miller does not join this motion made by the State Defendants.

Plaintiff to pay child support. (Compl. at 2). Plaintiff alleges that the State Defendants have violated his constitutional rights by mismanaging his child support matters. (*Id.* at 3).

Plaintiff contends that Child Support Services has incorrectly indicated that he in arrears by as much as $400,000, thereby damaging his reputation and ability to find employment. (*Id.*). Plaintiff further alleges that he has been denied the opportunity to present evidence at the state court hearings related to those probation records. (*Id.*). Specifically, Plaintiff alleges that Judge Maenza refused to consider Plaintiff's proposed evidence and that the State Defendants have made it impossible for him to correct the allegedly "erroneous account record." (*Id.*). On August 14, 2013, Plaintiff alleges that Judge Maenza held and "falsely claimed" that Plaintiff had "not advanced any proof that Probation's records are inaccurate." (Id. at 5). Plaintiff alleges Judge Maenza's ruling constiutes "harassment." (*Id.*).

Plaintiff alleges that other rulings against him are "arbitrary, capricious, inconsistent, and contradictory," including: (1) Judge Maenza failed to enforce court orders; (2) Judge Maenza improperly answered questions during cross-examination; (3) Judge Maenza failed to place Plaintiff's funds in trust; (4) Judge Maenza refused to permit tax returns from both litigants in the state court matter to be entered into evidence; (5) Judges Maenza and Herr condoned the theft of Plaintiff's money; (6) Judge Herr improperly considered Plaintiff's ex-wife's debt but not his own; and (7) Judge Bartlett's order denying Plaintiff's motion to emancipate his child was not supported by the evidence. (*Id.* at 5-9). Plaintiff also alleges that various judicial actions constituted harassment against him.

Specifically, Plaintiff claims that (1) Judge Maenza made false statements during a matter over which he presided; (2) Judge Herr's Final Judgment Of Divorce was so egregious that it amounted to harassment; (3) Judge Maenza denied Plaintiff's request to reconsider a judicial

order; (4) Plaintiff was threatened with attorney's fees; and (5) Plaintiff was improperly required to carry duplicative health insurance for his children. (*Id.* at 9-12).

Plaintiff requests that the District Court: (1) Enter an Order to Appoint a licensed independent third party accountant; (2) Enjoin the Superior Court of Morris County and Judge Philip Maenza from further consideration of Plaintiff's motions; (3) Enjoin the Superior Court of Morris County, Essex County, Essex and Morris Counties Probation departments, and the N.J. State Division of Family Development regarding enforcement actions against Plaintiff; (4) Enter an Order requiring State of New Jersey, Probation and Child Support refrain [sic] from violating Plaintiff's Civil Rights; (5) Enter and Order to freeze Plaintiff's funds and property currently held by Plaintiff's ex-wife; (6) Enter an Order to return improperly and/or seized funds returned to Plaintiff [sic]; (7) Enter an order to remove freeze on Plaintiff's Heloc Loan; (8) Direct the transfer of Essex County; (9) Request Damages, attorney fees, interests, and loss of income; (10) Direct Probation to notice all credit agencies of previously erroneous notices regarding Plaintiff's supposed support arrears; and (11) Direct the Superior court and the Division of Family Development, including Probabtion and Child Support Services, to provide Plaintiff with full access to all the records reasonably requested by Plaintiff. (*Id.* at 14-17). Plaintiff also seeks $9,000,000 in damages. (*Id.* at 17).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

"Federal Rule of Civil Procedure 12(b)(1) provides that a party may bring a motion to dismiss for lack of subject matter jurisdiction." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir.2007). "A motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Id.* "The party invoking federal

jurisdiction bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter in which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Focus v. Alleghen y Cnty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir.1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). A motion under Rule 12(b)(1) "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000).

Under a facial attack, the movant challenges the legal sufficiency of the claim and the Court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.* "When standing is challenged on the basis of the pleadings, [courts must] accept as true all material allegations in the complaint, and ... construe the complaint in favor of the complaining party." Id. (*quoting Pennell v. City of San Jose*, 485 U.S. 1, 7, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988)). However, when the challenging party presents a factual challenge, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Petruska v. Gannon Univ.*, 462 F.3d 204, 302 n. 3 (3d Cir.2006). In considering a factual attack on a 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations," and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." Id. at n. 3 (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)).

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir.2003) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). "It is axiomatic that, in addition to those requirements imposed by

statute, plaintiffs must also satisfy Article III of the Constitution." *Horvath v. Keystone Health Plan East*, Inc., 333 F.3d 450, 455 (3d Cir.2003) (citation omitted). As the Third Circuit has articulated, the requirements of Article III standing are as follows:

> (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir.2006).

**B. Federal Rule of Civil Procedure 12(b)(6)**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips*, 515 F.3d at 231 (citing *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215–16 (3d Cir.2002)). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig. .*, 114 F.3d 1410, 1429 (3d Cir.1997). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it contains "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

#### A. 12(b)(1)

The State Defendants argue that dismissal of Plaintiff's Complaint is warranted pursuant to Fed. R. Civ. P. 12(b)(1). The State Defendants assert that insofar as Plaintiff asserts claims against the State Defendants in their official capacities, Plaintiff's claims are barred by the Eleventh Amendment. The State Defendants contend that this is a facial attack, meaning the State Defendants are challenging that Plaintiff did not properly assert jurisdiction. This Court agrees. Plaintiff does not address these arguments in his brief.

Despite construing Plaintiff's pleadings liberally and in a light most favorable to him, nowhere in his Complaint or in his Opposition to the instant motion has Plaintiff demonstrated that this Court has Subject Matter Jurisdiction to hear this case. Plaintiff has the burden of proving Federal Subject Matter Jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000). Therefore, the Court finds Plaintiff has not met his burden of demonstrating Federal Subject Matter Jurisdiction. The State Defendants' motion is granted.

#### B. 12(b)(6)

##### 1. Sovereign Immunity

It is well-recognized that the States, state agencies and state officials acting in their official capacity cannot be sued under the principles of sovereign immunity and the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The Eleventh Amendment to the United States Constitution makes explicit reference to the States' immunity from suit:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State U.S. Const. amend. XI. "The States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . ."

*Alden v. Maine*, 527 U.S. 706, 712-13 (1999). This sovereign immunity is not limited to the State itself, but extends to state agencies and state officers who act on behalf of the State. *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997).

The State Defendants argue that they are entitled to dismissal under the doctrine of Sovereign Immunity because the New Jersey State Court Judges and employees, as well as Director Hawkins, are employees who were acting on behalf of the state and are entitled to sovereign immunity. Moreover, the State Defendants contend that Plaintiff's state law tort claims must be dismissed because the supplemental jurisdiction statute does not authorize district courts to exercise jurisdiction over claims against non-consenting states. Plaintiff does not address these arguments in his brief.

Even if the Court had jurisdiction to hear Plaintiff's case, the Court finds that the State Defendants are entitled to dismissal under the Doctrine of Sovereign Immunity. Plaintiff may not assert claims against the State Defendants, as they are state officers that are acting on behalf of the state. Moreover, Plaintiff's tort law claims are also barred by the holding in *Raynor v. Regents of the University of Minnesota*, 534 U.S. 533, 541 (2002).( "[T]his Court held that the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court.") Therefore, the State Defendants' motion is granted.

**2. §1983**

To the extent that Plaintiff tries to invoke §1983 as a basis for his claims against the State Defendants, those claims will also fail because the State nor its officials are considered persons open to suit.

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

In this case Plaintiff is alleging that the acts by the State Defendants caused harm to him. The Court finds that Plaintiff is attempting to sue the State Defendants in the course of their duties as state officials. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff argues that the State Defendants' "mis-administration of divorce laws by New Jersey by the Superior Court and Probation Department effectively makes those laws unconstitutional and the misadministration violates Plaintiff's constitutionally protected civil rights." However, Plaintiff does not allege facts which explain how the State Defendants were acting beyond their official capacities. The Court finds that Plaintiff has failed to allege facts sufficient to survive the State Defendants motion to dismiss. Therefore, the State Defendants' motion is granted.

### IV. CONCLUSION

Based on the foregoing, the State Defendants motion to dismiss is granted. Plaintiff's complaint is dismissed *with prejudice* as to the Honorable Thomas L. Weisenbeck, A.J.S.C., the Honorable Philip J. Maenza, J.S.C., the Honorable Ann R. Bartlett, J.S.C., the Honorable Marilyn R. Herr, J.S.C. (ret.), CSS2 Joseph Adiele, SPO Inett Hewell, Essex Vicinage Chief Probation Officer Shazeeda Samsudeen, the Director of the New Jersey Division of Family Development Jeanette Page Hawkins (collectively the "State Defendants").

An appropriate Order accompanies this Opinion.

DATE: November 20, 2014

José L. Linares
United States District Judge